ANDREA T. MARTINEZ, United States Attorney (#9313)
SAM PEAD, Assistant United States Attorney (#11945)
Attorneys for the United States of America
Office of the United States Attorney
111 South Main Street, Suite 1800
Salt Lake City, Utah 84111-2176

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.   2:22mj40 CMR |
| Plaintiff, | COMPLAINT |
| vs. | COUNT I: 18 U.S.C. § 922(a)(6) False Statement During Acquisition of a Firearm |
| VAINIAKU MAGIC NAA, | |
| Defendant. | COUNT II: 18 U.S.C. § 922(a)(1)(a) Dealing in Firearms Without a License |
| | Magistrate Judge Cecilia M. Romero |

Before the Honorable Cecilia M. Romero, United States Magistrate Court Judge for the District of Utah, appeared the undersigned, who on oath deposes and says:

**COUNT I**
18 U.S.C. § 922(a)(6)
(False Statement During Acquisition of a Firearm)

Between the dates of March 1, 2021, and January 15, 2022, in the District of Utah,

VAINIAKU MAGIC NAA,

defendant herein, in connection with the acquisition of a firearm, from a licensed firearm

dealer within the meaning of Chapter 44, Title 18, United States Code, knowingly made

1

false and fictitious written statements intended and likely to deceive the firearms dealer with respect to any fact material to the lawfulness of such acquisition of the firearm, that is he falsely answered "yes" on ATF form 4473 asking whether he was the actual transferee/buyer of the firearm;all in violation of 18 U.S.C. § 922(a)(6).

**COUNT II**
18 U.S.C. § 922(a)(6)
(Dealing in Firearms Without a License)

Between the dates of March 1, 2021, and January 15, 2022, in the District of Utah,

VAINIAKU MAGIC NAA,

defendant herein, are that an accused, while not being a licensed dealer of firearms within the meaning of Chapter 33, Title 18, United States Code, did willfully engage in the business of dealing firearms.

**ELEMENTS OF THE OFFENSES:**

The elements for *False Statement During Acquisition of a Firearm* are first, that in connection with the acquisition of a firearm from a firearms dealer; second, the accused knowingly made a false or fictitious written statement; and third, the false or fictitious written statement made was intended and likely to deceive the firearms dealer with respect to facts material to the lawfulness of the acquisition of the firearm.

The elements for *Dealing in Firearms without a License* are that an accused, while not being a licensed dealer of firearms within the meaning of Chapter 33, Title 18, United States Code, did willfully engage in the business of dealing in firearms.

This complaint is made on the basis of investigation consisting of the following:

## AGENT BACKGROUND

1. I am a Special Agent (SA) with the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) and have been employed since July of 2019. I am a graduate of the Criminal Investigator Training Program and ATF Special Agent Basic Training program held at the Federal Law Enforcement Training Center in Glynco, Georgia. I have received specialized training in the enforcement of federal firearm and explosive laws. My duties and responsibilities include participating in the investigation and prosecution of persons who violate federal firearm laws and related federal criminal laws. As an ATF SA, I have participated in the investigation of persons who have violated federal laws.  The majority of these investigations involved firearms and/or narcotics-related violations.  Pursuant to 18 U.S.C. § 3051, I am empowered to enforce criminal laws of the United States. As a result of my training and experience as an ATF SA, I am familiar with federal laws, including but not limited to the offenses listed above

2. Prior to my employment by the ATF, I was a Uniformed Division Officer-Technician with the United States Secret Service for approximately 10 years.

3. I am familiar with the facts and circumstances set forth herein as a result of my personal participation in this investigation, as well as my review of

official reports and records and conversations with other law enforcement officers as more fully described below. The facts in this affidavit come from my personal observations, my specialized training and experience, and information obtained from other agents and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

4. Based on the facts set forth in this affidavit, there is probable cause to believe that **VAINIAKU MAGIC NAA** has violated 18 U.S.C. § 922(a)(6), by knowingly making false representation/statements to a Federal Firearm Licensee and 18 U.S.C. § 922(a)(1)(a), by dealing in firearms without a license.

## STATEMENT OF PROBABLE CAUSE

5. In October of 2021, ATF received information from a local Federal Firearms License (FFL) in American Fork, UT regarding an individual identified as Vainiaku Magic NAA (hereinafter NAA), who purchased a large and suspicious number of firearms in a short time frame.

6. ATF agents investigated this report through the use of queries in e-Trace, a database that allows law enforcement to track gun histories including the purchase and potential movement of firearms using serial numbers or other identifiers, and also through the collection of ATF forms from multiple FFLs. These materials revealed that NAA has purchased a significant number of firearms from 2019-2022. As of January 15, 2022, at least ninety-five (95) firearms are known to

have been purchased by NAA from FFLs in Utah. The aforementioned ninety-five (95) firearms were purchased between March 1, 2020, and January 15, 2022, except one firearm that was purchased in September, 2019.

7. On all the 4473s, NAA utilized 674 North 300 East, American Fork, UT, 84003 for his address, Utah Driver's License # 226379899 for government issued identification, and Utah Concealed Firearms Permit # C4755501 for an exception to the National Instant Background Check System (NICS) requirement. It should be noted that on each 4473, NAA answered "Yes" for questions 11a, "Are you the actual buyer of the firearm (s) listed on the form?" The address the Defendant listed is also false; he does not live at this American Fork residence.

8. E-trace also revealed that seven (7) firearms purchased by NAA were found and recovered in criminal investigations, with six (6) being found in California and one (1) in Utah. All of these recovered guns were associated with criminal activity.

9. The time to crime (time between the gun's purchase and when the gun was found in relation to a crime) for the firearms is 14 days, 34 days, 74 days, 84 days, 193 days, 234 days and 330 days. ATF trace analysis has consistently shown that trafficked firearms usually have a time to crime to less than 12 months.

10. From my training and experience, the fact that seven (7) separate guns that were purchased by NAA were found during criminal investigations coupled with the time to crime timelines outlined above strongly indicate that NAA had no intent

to own, keep, and possess these firearms when he purchased them and that he either purchased the guns with the intent to sell them or had simply purchased them for another (straw purchase), even though he represented on all of the associated ATF forms (4473) that he was going to be the actual purchaser of the firearms while lying about his current address.

11. On October 8, 2021, an ATF Intelligence Research Specialist provided your affiant with Utah employment wage data for NAA. NAA's most recent reported wage data was for the first three quarters of the year 2021 was $15,584. NAA's combined reported wage data for 2020 was $33,642. Based on my training and experience, I believe that a conservative estimate for the cost of the 95 guns purchased by NAA between March 1, 2020, and January 15, 2022, is approximately $50,000.00. From my training and experience and based upon the amount of money NAA earned, it strongly infers NAA is not purchasing for himself and is fulfilling orders for firearms placed by another person(s).

12. On October 21, 2021, ATF agents received a signed cell phone ping warrant (case 2:21-mj-804 DAO) from United States Magistrate Judge Daphne A. Oberg for NAA's cell phone. During the month of November, 2021, agents have been monitoring NAA's cell phone pings in an attempt to locate and identify a residence for NAA.

13. Even though a summary has been provided above for the evidence in this case, the following more recent facts will be explained to help demonstrate the

suspected nature of NAA's activities.

14.     Through communication with a local FFL, ATF learned that NAA purchased four (4) firearms on October 27, 2021, which was verified through reviewing a multiple sales report (required documentation for an FFL when 2 for more handguns are purchased in a 5-day period from the same FFL).

15.     On November 7, 2021, and via the use of pings (location data of NAA's phone) agents observed NAA depart from the Salt Lake City area and drive to the area of Inglewood, CA.

16.     Around that same time, ATF learned through the acquisition of additional multiple sales reports from FFLs that NAA purchased at least seven (7) additional firearms from November 3 to November 7, 2021.

17.     Through monitoring the cell phone pings from NAA's phone and comparing them with multiple sales reports, ATF learned that NAA purchased four (4) of these firearms on November 7, 2021 from a gun show in Sandy, Utah, at approximately 9:36 AM.  After purchasing the firearms, NAA travel south to his brother's residence located at 956 West 580 South, Pleasant Grove, Utah 84062 at approximately 11:51 am.  NAA was at his brother's residence for a couple hours (until approximately 1:51 pm) then NAA started driving south to California.

18.     ATF learned through a trace report (T20210519720) that one of these firearms was recovered by Emeryville Police Department in California on November 20, 2021.  The trace report stated that NAA purchased the firearm just two weeks

earlier (on November 6, 2021) from Casual Tactical at a gun show.

19.  Agents from Salt Lake City, UT coordinated with agents from the ATF Los Angles Field Office in an attempt to locate and intercept NAA. Agents provided potential addresses NAA could be visiting as well as cell phone pings but were unable to locate NAA. NAA retuned back to the area of Salt Lake City on November 18, 2021.

20.  From my training and experience related to other firearm trafficking cases, organizations who live in areas with more strict firearms laws like California seek individuals who reside in other states to assist them in the acquisition and/or transporting of firearms. From my training and experience firearms typically sell for more money in California. From my training and experience in firearm trafficking cases, leaders of the organization seek out individuals who do not have criminal histories to assist in the acquisition of firearms for others who are restricted from possessing.

21.  On January 13, 2022, ATF received information from a local FFL in American Fork, Utah, that NAA purchased two firearms from their store that morning. With help from the FFL, ATF collected a picture of the vehicle NAA utilized to purchase the aforementioned firearms from the FFL. ATF then canvassed the area of possible addresses of where NAA might reside and located NAA's vehicle, which is a 2001 Blue Jeep Grand Cherokee, license plate number UT/G200ND, which matched the picture of the vehicle collected from the local FFL.

The registered owner of the aforementioned vehicle is the suspect Vainiaku Magic NAA.

22. On January 13, 2022, ATF obtained a vehicle tracker warrant (case 2:22-mj-27 CMR) for NAA's vehicle from the Honorable United States Magistrate Judge Cecilia M. Romero. On January 13, 2022, after obtaining a signed vehicle tracker warrant, ATF agents successfully placed a tracking device on NAA's vehicle.

23. From January 13, 2022 to present, ATF has been monitoring NAA's vehicle utilizing the tracking device. NAA's vehicle remained at 956 West 580 South, Pleasant Grove, UT 84062, Unit 125, for the remainder of January 13, 2022 until later the next day. In the afternoon of January 14, 2022, NAA's vehicle went to Big O Tires, located at 748 East State Street, American Fork, UT 84003, for work to be completed on his vehicle. NAA's vehicle was left there from January 14-16, 2022, until it was picked up on January 17 at approximately 4:00 P.M. Since the vehicle was picked up on January 17, 2022, NAA's vehicle has been parked overnight at his brother's (and presumably his) residence from January 17 thru January 20, 2022.

24. On January 7, 2022, your affiant contacted a special agent from the United States Postal Inspection Service (USPIS) to query NAA to obtain information regarding any address and/or parcels that NAA would have received. ATF was able to determine that a parcel with the receipt name listed as Baby Magic Vainiaku Jr NAA was shipped to the Pleasant Grove residence where we believe NAA is residing

on January 5, 2022. In addition, ATF learned there was no parcel history of packages being shipped to 674 North 300 East, American Fork, UT 84003, which is what NAA uses on ATF forms and has listed on his driver's license.

25.     Your affiant has training and experience related to firearms trafficking investigations and your affiant is able to explain the significance of certain firearms trafficking indicators.

26.     One of these is the multiple purchases of the same model of handgun. NAA has repeatedly purchased duplicate models of handguns that are not typically considered to be of collector value, including thirty-eight (38) Glock pistols. This is also an indication of straw purchases. A straw purchase is a term used to describe a firearm purchase made by a person on behalf of another person not present. Straw purchases are normally conducted when the end user/possessor is unable to possess firearms legally. Straw purchases are commonly utilized by individuals engaged in criminal activity like trafficking firearms. An additional indicator of a straw purchase is when an individual purchases duplicate models in from different FFLs, which indicates that NAA could be under certain constraints to fulfill orders for firearms placed by another person(s). Based upon the totality of circumstances, the evidence gathered to this point strongly infers NAA is not purchasing firearms for himself as he represented on ATF forms (4473).

27.     Based on the number and type of firearms purchased by NAA, him lying about his residential address, the thousands of dollars spent on firearms in

contrast to NAA's apparent income, the discovery of multiple firearms during subsequent criminal investigations, the finding of these firearms in crimes in California where the Defendant is known to travel as a result of his phone pings (including right after purchases), and the times to crimes periods noted above, I believe that NAA is engaging in firearms business without a license.

28. Further, this evidence indicates that NAA is making false statements on ATF forms (form 4473) by stating that he is the actual purchaser of the firearm and lying about his address, when in fact, he appears to be purchasing firearms to sell them or on behalf of others.

/s/ Sean Nicolio
Affiant
Special Agent Sean Nicolio - ATF

SUBSCRIBED AND SWORN to before me this 21st day of January, 2021.



Cecilia M. Romero
United States Magistrate Judge

APPROVED:

Andrea T. Martinez
United States Attorney

/s/ Sam Pead

SAM PEAD
Assistant United States Attorney